GRIFFIN *v.* CALDWELL.

Opinion delivered June 4, 1904.

FRAUD—LACHES.—After delay of thirty-two years an administrator's sale will not be set aside for fraud where the property has been held adversely during all of that time, and has been acquired by innocent third parties, who will suffer great and irreparable injury if the sale be set aside.

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Suit by John Griffin and others against Albert S. Caldwell and others. Judgment · was for defendants, and plaintiffs appealed. Affirmed.

*J. R. Yerger, E. A. Bolton, Carroll* and *Pemberton,* for appellants.

The complaint presented a cause of action, and the demurrer should have been overruled. 33 Ark. 586; 30 Ark. 44; 34 Ark. 585; 33 Ark. 295; 86; 33 Vt. 247; 42 Ark. 28; 54 Ark. 627; 55 Ark. 91.

*Baldy Vinson* and *N. W. Norton,* for appellees.

The question of staleness can be raised by demurrer. 21 Wall. 178; 55 Ark. 85; 46 Ark. 25; 19 Ark. 16; 94 U. S. 806. Appellants were guilty of laches. 17 Sup. Ct. 176; 55 Ark. 85; 68 Ark. 449. Nonresidence does not excuse delay. 21 Wall. 503; 40 Fed. 774; 47 Fed. 782. The five years' statute of limitation applies. 28 Ark. 27; 31 Ark. 684; 34 Ark. 164; 49 Ark. 253; 46 Ark. 438; Sand. & H. Dig. § 4818; 68 Ark. 449; 60 S. W. 229; 54 Ark. 641; 46 Ark. 25.

BATTLE, J. This suit was brought by appellants in the Chicot chancery court. Appellants state the facts in the case correctly as follows:

"The original bill was filed in this cause for the purpose of having defendants declared trustees for complainants in their holding of the Tecumseh Plantation in Chicot county, Arkansas, and for an accounting of rents and profits.

"The bill charges that Francis Griffin, of Washington county, Mississippi, departed this life intestate during the month of November, 1865, leaving surviving him as his sole heirs at law John Griffin, one of complainants, and a daughter, Isabella Johnson, *nee* Griffin, who had intermarried with one Edward P. Johnson; and that at the time of his death Francis Griffin was seized and possessed, and was the owner in fee simple, of the Tecumseh Plantation, in Chicot county, Arkansas, which is fully described in the bill.

"2. That there were born to Edward P. Johnson and Isabella Griffin Johnson several children, all of whom died in infancy, except Laura Johnson, one of complainants.

"3. That Edward P. Johnson qualified as administrator of the estate of Francis Griffin, deceased, in the probate court of Chicot county, Arkansas, on January 6, 1866, and employed, as general attorney of and for the estate, D. H. Reynolds, an attorney and counsellor of law at Lake Village, Arkansas, and thereafter the affairs of the estate were managed and controlled by Reynolds, and all pleadings and papers therein were signed in the name of E. P. Johnson, administrator, by D. H. Reynolds as attorney.   *   *   *

"4. That on the 29th day of July, 1869, the administrator filed a petition in the probate court, which petition was signed by Reynolds, attorney, praying that the Tecumseh Plantation be sold to pay the debts of the estate, and that the same be appraised and be ordered sold, and that accordingly the same was appraised at the sum of $3,000, subject to a mortgage to the Real Estate Bank for $16,000 on a portion of the land, and upon the return of the appraisement the land was ordered to be sold by the administrator; that the land was sold by one C. W. Fry, an auctioneer, and purchased by D. H. Reynolds, who was the attorney for the estate, and Wm. B. Streett, an attorney at law who represented certain creditors having claims against the estate,   *   *   * who well knew at the time of the sale that Reynolds was the

regular retained counsel of the estate. * * * The report of sale was written and signed by Reynolds as attorney for the administrator, and the administrator executed to Reynolds and Streett, as tenants in common, a deed to the Tecumseh Planta-tion. * * * Reynolds and Streett entered into possession of the lands under the deed, and claimed the same thereunder, taking the rents and profits of the place, until sold by them; and the rents and profits received by them far exceeded the purchase money, taxes and improvements expended by Streett and Reynolds.

"5. Edward P. Johnson died in 1872 or 1873, intestate, and afterwards Isabella Griffin Johnson died intestate, leaving as her only heir at law Laura P. Johnson, one of complainants.

"7. On February 7, 1892, Reynolds executed to Chas. C. Cur-rier, trustee, for the benefit of the Alliance Trust Company, Lim-ited, a deed in trust on his interest in the Tecumseh Plantation to secure a large indebtedness. * * * On the 17th day of November, 1887, Streett executed a trust deed to Albert S. Cald-well, as trustee, for the benefit of the Dundee Mortgage & Trust Investment Company, Limited, on his interest in the land to secure a large indebtedness. * * *

"8. Reynolds failed to pay his indebtedness, and the land was sold therefor under decree of United States court on January 7, 1897, to Albert S. Caldwell.

"9. Streett also made default, and the land mortgaged by him was sold by order of the Chicot chancery court on the 29th of July, 1896, to James Haggard and William McMaster.

"10. On January 15, 1897, Albert S. Caldwell sold the plantation to J. P. Alexander and John W. Griffin, defendants herein. * * *

"11. On January 15, 1897, Griffin and Alexander, defend-ants, executed a deed in trust to F. H. Carlisle, trustee for Cald-well, securing a large indebtedness.

"14. Complainants are owners of Tecumseh Plantation as the only heirs at law of Francis Griffin, deceased. That the facts leading up to the sale, and which complainants charge render the sale void, are as follows, to-wit:

"15. Tecumseh Plantation was never legally appraised; the appraisement was contrary to the statute, and was calculated to

prevent and deter bidders; that the purchase money of the plantation bid at the sale by administrator was not in fact paid to the administrator nor anyone else; that after the purchase of said property, as aforesaid, Reynolds procured the order confirming the sale, which was made on the 6th day of November, 1869, and had it provided in the order that Reynolds be appointed a special master of the court of probate to retain in his hands the proceeds of the sale, and after deducting fees due him, etc., which are expenses, and among which fees was a fee for this identical sale, to hold the same subject to the order of the court.  *  *  *

"After procuring the order, Reynolds attempted to account for the money bid at the sale in the following manner, that is to say, in filing the account current of Johnson, administrator, in December, 1870, which account was made and signed by Reynolds, the administrator was charged with the whole sum of the purchase money and credited with certain fees paid Reynolds out of the same, and the court charged the administrator with said sum and credited him with certain fees paid Reynolds, and in this way the money passed out of the hands of the administrator, and in this way Tecumseh passed from the heirs of Francis Griffin, the complainants. The attorney's fee more than consumed the amount of the purchase money, thus making it clear that the proceeds of the sale went to pay the expenses of the estate.  *  *  *

"16. Streett knew Reynolds' relation to the estate, and he was no more competent to purchase than Reynolds, they making a joint purchase.

"John Griffin, complainant, was a resident of Mississippi, and his co-complainant at the time of the sale was under 21 years of age, residing with her mother in Mississippi and Kentucky. That the heirs of the estate believed, and had a right to believe, that the estate was conducted as required by law, and that the land was sold as the law requires; nor had they any information or notice whatever to put them on inquiry of the illegal sale of the land, nor did they know that Reynolds and Streett had purchased the same, nor did Reynolds or Streett apprise them of the fact, and not till May, 1901, did they learn of the facts herein set out, and therefore charge that this suit is brought with due diligence.

"17.   The purchase of the lands by Reynolds and Streett conflicted with their duties, and, each knowing the other's relation with the estate, makes it a double conflict of duties, and for this reason the sale is voidable, and Reynolds and Streett became and were trustees in possession of the land for the benefit of complainants under the sale, and that the Dundee Mortgage and Trust Investment Company, Limited, and the Alliance Trust Company, Limited, were chargeable with record notice of the condition of said title, as well as their vendees thereunder, by the most cursory examination of the title.

"18.   Reynolds is insolvent, and Streett is dead and insolvent.

"19.   The rental value of the land is $5 per acre, and Alexander and Griffin, defendants, have had possession of the same ever since January 15, 1897.

"All of the defendants were properly made parties to the bill, and Albert S. Caldwell, John Griffin and J. P. Alexander, defendants, filed a demurrer thereto, and assigned the following grounds of demurrer, to-wit:

"1.   Said complainant does not state facts sufficient to constitute a cause of action against them.

"2.   Defendants further state that plaintiffs, because of their laches and negligence, should not be allowed to maintain this action, because their claim is old and stale, and is barred.

"The demurrer was by the court sustained, and complainants refused to amend, and bill was dismissed, and an appeal was granted complainants."

The sale in question was made in the year 1869.   This suit was commenced by appellants, to set it aside, in June, 1901, about thirty-two years after the sale.   About eighteen years after the sale Streett, one of the purchasers, mortgaged the interest in the land acquired by him at such sale to secure a large indebtedness, and about twenty-seven years after the sale this interest was sold under a decree of a court of competent jurisdiction to pay his indebtedness so secured.   About twenty-three years after the sale Reynolds, the other purchaser, mortgaged his interest to secure a large indebtedness, and about twenty-eight years after the sale his interest was sold under a decree of court to pay the indebtedness for which it was mortgaged.   The purchasers at

the sales made under the decrees of courts have sold and conveyed the land to other persons. Streett died insolvent, and Reynolds is insolvent. The indebtedness secured by their mortgages has long since been barred by the statute of limitations. If the sale by the admininstrator under the order of the probate court, at which they purchased be set aside or held for naught, great and irreparable injury will follow, and the parties suffering it will be without fault, for after a great lapse of time they had the right to presume that the administrator's sale would not be questioned, and to act upon that belief. Appellants brought their suit too late to set aside the administrator's sale to recover the land. The expiration of a less time than thirty-two years without the receipt of any rents and profits from a valuable farm ought to have put them on notice that they were not recognized as the owners of the land, and that it was held adversely, and that their interest in the land, or the proceeds of the sale thereof, if they had any, required attention and protection. Their delay in bringing suit is inexcusable, and they are barred by their own laches from maintaining it. *Gibson* v. *Herriott,* 55 Ark. 85; *Bowman* v. *Wathen,* 1 How. (U. S.) 189, 194, 195.

Decree affirmed.